Filed 10/8/25  P. v. Martinez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B340095 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. SA104573-01 |
| JUAN RAMON MARTINEZ, | |
| Defendant and Respondent. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Christopher W. Dybwad, Judge.  Reversed and remanded.

Nathan J. Hochman, District Attorney, Cassandra Thorp, Grace Shin, and Matthew Brown, Deputy District Attorneys, for Plaintiff and Appellant.

Sarah S. Sanger, under appointment by the Court of Appeal, for Defendant and Respondent.

———————————

We remand for further proceedings under Penal Code section 1170, subdivision (b) (section 1170(b)).

In 2021, the prosecution and Juan Ramon Martinez agreed to a suspended prison term of five years. The basis for this term was the five-year upper term for the robbery count Martinez faced. The parties agreed the second count against Martinez would be dismissed. The prosecution says Martinez's maximum exposure was 11 years in prison.

In line with the plea agreement and Martinez's no contest plea, the court suspended execution of sentence and placed Martinez on three years formal probation. The court warned it would sentence Martinez to five years in prison if he violated his probation.

Martinez later admitted two violations in open court. Before sentencing Martinez in 2024, the court recognized a new law enacted after the plea limited the circumstances under which courts can impose the upper term. Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) enacted these revisions to section 1170(b). The court believed it was bound by this new law and noted Martinez had not stipulated to any aggravating factors. Over the prosecution's objection, the court sentenced Martinez to the middle term of three years.

The prosecution appealed.

The Courts of Appeal are divided on whether Senate Bill 567's changes apply retroactively to defendants who received the upper term under a plea agreement for a stipulated sentence. (See *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1057, review granted Feb. 21, 2024, S283452 [outlining the split].) The parties note the Supreme Court has taken up the issue.

2

We agree with Martinez and the sentencing court. "The amendment of section 1170(b) to make the middle term the presumptive term unless aggravating circumstances are proven is a significant legal change" that bears on a plea bargain's fairness. (*People v. Fox* (2023) 90 Cal.App.5th 826, 834 (*Fox*).) Before this change, there was no presumptive sentence affecting how the parties structured a plea bargain. (See *People v. Todd* (2023) 88 Cal.App.5th 373, 378 (*Todd*), review granted Apr. 26, 2023, S279154 [the amended provision "does not merely add additional factors to be considered among many in the trial court's sentencing determination. It prohibits the imposition of the upper-term sentence absent specific findings"].)

This does not end the matter, however, as we still must decide the proper remedy. Here, the prosecution is partly correct.

The prosecution suggests the sentencing court should have imposed the upper term based on Martinez's two strikes. But Martinez did not admit any strikes or other aggravating factors, and the prosecution did not prove them.

The prosecution is right, however, that the sentencing court lacked the power unilaterally to impose a lower prison term and thereby to modify the terms of the plea agreement. (See Pen. Code, § 1192.5, subd. (b); *People v. Stamps* (2020) 9 Cal.5th 685, 700–701 (*Stamps*).) No case applying Senate Bill 567 in circumstances like Martinez's has found otherwise. (See *Todd*, *supra*, 88 Cal.App.5th at pp. 381–382, review granted Apr. 26, 2023, S279154 ["Since under the terms of the plea agreement, no term other than the upper term may be imposed, and the trial court is not authorized to unilaterally modify the plea agreement, unless Todd waives the requirements of the statute, if the trial court does not find circumstances to justify the imposition of the

3

aggravated term as outlined in amended section 1170, subdivision (b), the only remedy available to the trial court is to withdraw approval for the plea agreement and return the parties to the status quo"].)

Martinez has not established the Legislature, in enacting Senate Bill 567, "intended to overturn longstanding law that a court cannot unilaterally modify an agreed-upon term[.]" (*Stamps*, *supra*, 9 Cal.5th at p. 701.)

In arguing we should affirm and not remand, Martinez points to cases involving other ameliorative legal changes. He asks us to follow *People v. Flores* (2022) 77 Cal.App.5th 420, 429 & 453, which reduced the defendant's *probation* without any remand "[b]ased on the plain language and legislative intent underlying" different legislation.

*Stamps*, however, is controlling. (See *Fox*, *supra*, 90 Cal.App.5th at pp. 831–832 [describing *Stamps*, "the leading authority on what relief is available under ameliorative sentencing legislation that takes effect after a defendant enters a plea agreement for a stipulated sentence"].) There, our high court rejected the defendant's contention the trial court could strike a serious felony enhancement on remand while otherwise maintaining his plea agreement intact. (*Stamps*, *supra*, 9 Cal.5th at pp. 700, 707–708.)

Following *Stamps*, we remand.

## DISPOSITION

We reverse and remand the matter to the trial court to give Martinez the choice to invoke Senate Bill 567 at his resentencing. If he makes this choice, the court must determine if it can impose the upper term under amended section 1170(b), following the recent guidance of *People v. Wiley* (2025) 17 Cal.5th 1069. If it

4

cannot, assuming the prosecution does not agree to a reduced sentence, the court shall withdraw approval of the plea and return the parties to their pre-plea positions.


WILEY, J.

We concur:


STRATTON, P. J.


VIRAMONTES, J.

5